UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MICHAEL CRAIG BERGER,           )
                                )
        Plaintiff,               )
                                )
v.                              )       No. 3:14-CV-190-PLR-CCS
                                )
KNOX COUNTY SHERIFF'S DEPT., *et al.*, )
                                )
        Defendants.              )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge.

Now before the Court is Plaintiff's Petition for Attorneys' Fees and Costs [Doc. 44]. Defendant has responded in opposition, [Doc. 47], and Plaintiff has filed a final reply [Doc. 48]. The parties appeared before the undersigned on October 16, 2015, to present oral arguments regarding the Petition. The Court finds that the Petition is now ripe for adjudication, and for the reasons set forth herein, the undersigned will **RECOMMEND** that it be **GRANTED IN PART** and **DENIED IN PART**.

I.   **BACKGROUND**

This case was filed on May 8, 2014. In his Complaint [Doc. 1], Plaintiff alleged that Defendant Kevin Potter had violated his Constitutional rights through Officer Potter's use of excessive force. Plaintiff claimed that Officer Potter was liable pursuant to 42 U.S.C. § 1983. Plaintiff alleged that Defendant Knox County, which was also sued as the Knox County Sheriff's

Department, was also liable pursuant to 42 U.S.C. § 1983, based upon a failure to implement appropriate policies. Finally, Plaintiff alleged that both Knox County and Officer Potter were liable based upon a theory of negligence.

Both Officer Potter and Knox County filed motions to dismiss. Plaintiff responded [Doc. 19] in opposition to Knox County's Motion to Dismiss [Doc. 18]. On February 20, 2015, the District Judge entered an Order denying the request to dismiss Officer Potter and granting the request to dismiss Knox County and the Sheriff. [Doc. 21]. Defendant Potter filed a Motion for Summary Judgment on June 8, 2015, which was fully briefed by the parties, and the parties engaged in motion practice related to Plaintiff's expert witness. [Docs. 38, 40].

On August 10, 2015, the parties notified the Court that they had settled this case, and on August 26, 2015, Officer Potter's counsel filed a copy of the Offer of Judgment accepted by the Plaintiff. The Offer of Judgment states that: (1) Plaintiff will dismiss his claims against Officer Potter, with prejudice, and execute a release of all claims in the Complaint and (2) Knox County will pay Plaintiff $50,001.00, along with reasonable attorneys' fees and discretionary costs accrued at the time of the Offer of Judgment. [Doc. 43-1 at 2-3]. The Offer of Judgment further states that if the parties cannot agree on the fees and costs to be paid, the issue will be submitted to the Court for its determination.

The parties were not able to reach an agreement, and therefore, the Plaintiff filed the instant petition. The parties[1] have, however, reached an agreement regarding the hourly fees charged by Plaintiff's counsel, which the Court finds to be reasonable. Thus, the only issues remaining before the Court relate to the number of hours reasonably expended on this case and the costs reasonably incurred.

---

[1] Because Knox County is the apparent obligee under the Offer of Judgment, it has briefed the issue on behalf of the Defendants.

## II. POSITIONS OF THE PARTIES

Plaintiff moves the Court to award him $102,386.52, representing $90,735.00 in attorneys' fees and $11,651.52 in costs. Plaintiff maintains that the hours incurred by both his attorneys and paralegals were reasonable and necessary to obtaining a favorable settlement in this case. Plaintiff submits that his attorneys were required research numerous issues prior to litigating this case. He also argues that responding to the Motion for Summary Judgment filed by Officer Potter required devoting a substantial number of hours to research and writing. Plaintiff also cites unique expert issues as requiring research and maintains that substantial discovery was conducted in this case.

Knox County responds that Plaintiff's counsel should only be awarded one-third of the Plaintiff's recovery consistent with Plaintiff's contingency agreement with his counsel. Alternatively, Knox County argues that an award of $45,111.25 in fees would be reasonable. Knox County argues that this figure reflects appropriate reductions for excessive preparation of Plaintiff's Complaints, duplication of services, excessive briefing and research in responding to the Motion for Summary Judgment, and services performed after the Offer of Judgment was made. Knox County maintains that the Plaintiff's costs should be reduced by $7,000.00, which it maintains is an unreasonable expert fee, and further reduced to remove charges for legal research fees.

## III. ANALYSIS

The Court will address the attorneys' fee request and the request for an award of costs in turn.

### A. Attorneys' Fees

Pursuant to 42 U.S.C. § 1988, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

A reasonable fee under § 1988 is "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case," but it should not "produce windfalls to attorneys." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010). The first step in identifying a reasonable attorney's fee is to calculate the "lodestar," which is the "proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate." Adcock–Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 (6th Cir. 2000). Thereafter, a court may adjust the lodestar calculation in light of relevant factors.[2] Ohio Right to Life Soc., Inc. v. Ohio Elections Comm'n, 590 F. App'x 597, 601 (6th Cir. 2014) (citing Reed v. Rhodes, 179 F.3d 453, 471 (6th Cir. 1999)).

The prevailing party should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434. Where such entries have not been excluded, a court must exclude them from compensation, because as the Supreme Court has explained, "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not

---

[2] The relevant factors include: "(1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Reed, 179 F.3d at 471 n. 3.

properly billed to one's adversary pursuant to statutory authority." Id. (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980)).

"The party seeking attorneys fees bears the burden of documenting his entitlement to the award." Reed, 179 F.3d at 472 (citing Webb v. Dyer County Bd. of Educ., 471 U.S. 234, 242 (1985)). The fee applicant "should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. (quoting Hensley, 461 U.S. at 433).

As an initial matter, the Court finds that the contingency agreement between the Plaintiff and his attorney is not dispositive of this issue. To the contrary, the applicable case law indicates that it is a single factor that may be considered in the Court's adjudication of the lodestar amount. See Reed, 179 F.3d at 471. The Court finds that Knox County's argument that the contingency agreement governs the instant fee issue is not well-taken, but it has been considered as one factor.

The Court has considered the parties' positions as expressed in their filings and their oral arguments. The Court has considered the hourly rates agreed upon by the parties as compensation for the Plaintiff's attorneys, and the Court finds that these rates, and the rates charged by the paralegals for Plaintiff's attorneys, are reasonable. For the reasons more fully stated below, the Court finds that the Plaintiff's requested fees should reduced by $487.50 to account for services provided after the Offer of Judgment was accepted and further reduced by twenty percent (20%) to account for excessive, redundant, or otherwise unnecessary billings. Thus, the Court will recommend awarding Plaintiff $72,198.00 in attorney fees.

The Court first finds that the time spent responding to the Motion for Summary Judgment was excessive. Knox County posits that Plaintiff's counsel spent 223.15 hours considering and drafting the twenty-two page response to the Motion for Summary Judgment. Though the

5

Plaintiff separates the time spent into different categories – reviewed depositions, edited Bluebook citations, reviewed and edited response, researched response – the Plaintiff does not dispute Knox County's approximation of the time expended. Regardless of the specific label assigned to each task, the Court cannot endorse the Plaintiff's position that responding to a dispositive motion in a typical civil rights case required over two hundred hours – *i.e.*, the equivalent of five forty-hour work weeks. The Court finds that the billing relating to responding to the Motion for Summary Judgment was excessive and supports a reduction in the fees requested.

Additionally, the Court finds that inaccuracies in the Plaintiff's records relating to the response to the Motion for Summary Judgment call the reliability of the recordkeeping on this task into question. Kevin Potter's Motion for Summary Judgment [Doc. 28], the only motion for summary judgment filed in this case, was filed on June 8, 2015. Yet, Plaintiff's counsel billed numerous hours for revising its response to the Motion for Summary Judgment in May 2015 – *e.g.* 4.2 hours on May 9, "drafting MSJ response"; 7.0 hours on May 10, "drafting additions to MSJ response," [see Doc. 45-1 at 11]. At the hearing, Plaintiff's counsel did not explain these entries but offered that the billing attorney may have entered the information on the wrong date. While the Court does not question the veracity of Plaintiff's counsel, the Court finds that the sloppiness of these entries diminishes the Plaintiff's ability to document his entitlement to the award as is required by applicable case law. Reed, 179 F.3d at 472.

The Court turns next to two patterns, which at first seem picayune, but indicate, at best, careless billings and, at worst, padding of bills. Counsel billed 0.15 hours each time they reviewed a notice of electronic filing, even those filings that Plaintiff's counsel themselves filed in the Court's electronic system. For example on June 5, 2015, Plaintiff's counsel billed .3 hours – approximately twenty minutes – to review two notices [Doc. 26, 27] alerting Plaintiff's counsel

6

to the fact that Plaintiff's counsel themselves had filed documents with the Court. [See Doc. 45-1 at 12]. Again on June 29, 2015, Plaintiff's counsel billed for approximately twenty minutes to review the electronic notices [Docs. 34, 35], which notified the parties of Plaintiff's own filings. [See Doc. 45-1 at 15]. The Court finds that these billing entries are excessive and redundant, and therefore, they support a reduction in the fees requested.

Along the same lines, the Court finds that the billing entries for Plaintiff's numerous multi-attorney conferences are excessive. For example on February 20, 2015, Plaintiff's counsel billed three times for a ten to twelve minute conversation amongst three of Plaintiff's attorneys. [See Doc. 45-1 at 9]. Along the same lines, Plaintiff's counsel emailed about issues and then another attorney in Plaintiff's office charged to review the same email — *e.g.* entries of July 8, 9, 13, Doc. 34-1 at 15. The Court finds that these billing entries are excessive and redundant, and therefore, they support a reduction in the fees requested.

The Court has considered that Knox County's position that the Plaintiff should not be awarded fees related to his claims against Knox County because the Plaintiff agreed to dismiss claims against the Knox County Sheriff's Department as redundant and agreed to dismiss its Governmental Tort Liability Act claims against Knox County. [See Doc. 15, 18]. The Court finds that neither filing suit against Knox County or the Knox County Sheriff, nor the later agreement to dismissal of certain claims support a reduction in the Plaintiff's claims under the circumstances of this case. The Court has considered the claims presented and the Court cannot find that they were frivolous or that they lacked a good faith basis. Moreover, the Court is not prepared to find that the Plaintiff should be punished for conceding to Knox County's well-reasoned brief, because this act itself likely saved party resources and judicial resources. The Court declines to further reduce Plaintiff's fee request on this basis.

7

Accordingly, the Court finds that the Plaintiff's fee request should reduced by $487.50 to account for services provided after the Offer of Judgment was accepted and further reduced by twenty percent (20%) to account for excessive, redundant, or otherwise unnecessary billings. Thus, the Court will **RECOMMEND** awarding Plaintiff **$72,198.00** in attorney fees.

**B.     Costs**

Plaintiff also moves the Court to award him costs in the amount of $11,651.52. Local Rule 54.1 outlines the procedure for submitting costs – such as copying costs, filing fees, etc., see Fed. R. Civ. P. 54(d)(1), 28 U.S.C. § 1920 – for determination through a Bill of Costs. It directs:

> If counsel for the litigants in a civil case are able to agree on costs, they need not file a bill of costs with the Clerk. If counsel cannot agree, a bill of costs shall be filed by the prevailing party with the Clerk within 30 days from the entry of judgment. A copy of the bill of costs shall be served upon opposing counsel. The opposing party shall file written objections within 30 days from the date of service. The Clerk shall then assess the costs in accordance with the Court's Guidelines on Preparing Bills of Costs.

E.D. Tenn. L.R. 54.1. The Plaintiff did not submit his costs to the Clerk of Court through a Bill of Costs, and both the Plaintiff and Knox County appear to have assumed that the inclusion of "discretionary costs" in the Offer of Judgment usurps the Bill of Costs procedure laid out in Local Rule 54.1. The Court will not endorse such a view. However, the issue is briefed and ready for disposition by the undersigned, and therefore, the Court will address the issue to save both party resources and judicial resources.

Knox County does not object to those costs that are enumerated under § 1920, such as copy costs, Plaintiff's filing fees, etc. The Court has reviewed these costs and finds that they are reasonable and should be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920.

8

Knox County objects to three costs: $1,480.88 in research costs from LexisNexis; a $7,000.00 expert fee paid to a physician for a medical deposition; and a $508 fee described as "Court Reporter / Deposition Michael Berger / Officers," see Doc. 45-2 at 24, which Knox County suggests may also be a fee for that physician's deposition.

First, with regard to the research costs from LexisNexis,[3] the Court finds that the text of 28 U.S.C. § 1920 does not provide for reimbursement of fees expended on legal research, and the Plaintiff has not cited the Court to any case so finding. To the contrary, the Plaintiff appears to confuse a "cost" with an "expense," when he cites the Court to a case finding that expenses are reimbursed pursuant to § 1988. "To be clear, expenses are different than costs." Great Am. Ins. Co. v. YD Fence, LLC, No. 3:13-1330, 2015 WL 113926, at *3 (M.D. Tenn. Jan. 8, 2015). The term "expenses" casts a much wider net than the statutorily enumerated "costs," and while the Court recognizes that expenses are permitted under § 1988, the parties' agreement provides that Knox County will pay costs *not* expenses. The Court must interpret the parties' agreement as written, and accordingly, the Plaintiff's legal research expenses will not be reimbursed as costs.

Second, Plaintiff has agreed that his expert witness fee is not recoverable. The Court finds that the applicable case law supports the same conclusion, and therefore, the Plaintiff will not be reimbursed for this expert fee as a cost.

Third, the Court finds that the $508 fee described as "Court Reporter / Deposition Michael Berger / Officers," should be reimbursed as a cost. The Court finds that allowing this cost is consistent with recent case law from the Court of Appeals for the Sixth Circuit. See Freeman v. Blue Ridge Paper Products, Inc., 2015 WL 5042645 (E.D. Tenn. Aug. 26, 2015).

---

[3] The Court would note that there is a single entry for "research" performed on PACER, the Court's electronic filing system. There seems to be no dispute that this cost is allowable, and the Court so finds. Thus, the instant ruling applies only to the LexisNexis fees.

Finally, though it does not appear to be a point of contention, the Court would note that the fee for "Court Reporter – transcript from Dr. Sexton deposition" was invoiced on August 28, 2015, after the Offer of Judgment was accepted on August 10, 2015. The Court finds that this cost is allowable, because the transcript appears to have been ordered before that date since the deposition was taken on July 30, 2015.

Based upon the foregoing, and excluding the expert fee and research fees discussed above, the undersigned will **RECOMMEND** that the Court award the Plaintiff **$3,170.64**, representing the costs reasonably incurred in this case.

IV.     **CONCLUSION**

Based upon the foregoing, the undersigned **RECOMMENDS**[4] that Plaintiff's Petition for Attorneys' Fees and Costs [Doc. 44] be **GRANTED IN PART** and **DENIED IN PART** and that the Court award the Plaintiff **$75,368.64**, representing the **$72,198.00** in attorney fees and **$3,170.64** in costs that the undersigned finds were reasonably incurred in this case.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).